IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LACEY L. FOSTER,                                No. 6:12-cv-00698-HZ
survivor of Donna L. Pierce,

         Plaintiff,                             OPINION & ORDER

      v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

         Defendant.

Drew L. Johnson
DREW L. JOHNSON, P.C.
1700 Valley River Drive
Eugene, OR 97405

Linda S. Ziskin
ZISKIN LAW OFFICE
P.O. Box 753833
Las Vegas, NV 89136

        Attorneys for Plaintiff

/ / /

1 - OPINION & ORDER

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

Franco L. Becia
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

        Attorneys for Defendant

HERNANDEZ, District Judge:

        Plaintiff Lacey L. Foster, survivor of Donna L. Pierce, brings this action for judicial review of the Commissioner's final decision denying her mother's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[1]  I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)).  For the following reasons, I affirm the Commissioner's decision.

## BACKGROUND

        Plaintiff's mother, Donna L. Pierce, was born in 1965 and was 44 years old at the time of her death on January 14, 2010.  Tr. 155.  She has a ninth grade education (Tr. 175) and reports past work as a caregiver and case aid.  Tr. 33, 161.  Pierce alleged disability since May 14, 2006, due to asthma, lumbar spine degenerative disc disease of the lumbar spine, hepatitis C, and bipolar disorder.  Tr. 169.

        The Commissioner denied Pierce's application initially and upon reconsideration (Tr. 78, 92), and an Administrative Law Judge ("ALJ") held a hearing on October 14, 2010.  Tr. 40.  The ALJ found Pierce not disabled on February 9, 2011.  Tr. 23-34.  The Appeals Council declined

---

[1] Pierce had applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Plaintiff does not request review of the dismissal of the claim for SSI benefits.

2 - OPINION & ORDER

review of the matter on February 25, 2012, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20

3 - OPINION & ORDER

C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Pierce's asthma, lumbar spine degenerative disc disease of the lumbar spine, hepatitis C, and bipolar disorder "severe" at step two in the sequential proceedings.  Tr. 25.  At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 26.  The ALJ assessed Pierce's RFC and concluded that she could perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with the additional restrictions of: avoiding even moderate exposure to inhaled irritants and avoiding even moderate exposure to hazards; frequent balancing, kneeling, and crawling; occasional stooping and crouching; and never climbing ladders, ropes or scaffolds.  Tr. 28.  Additionally, Pierce was limited to performing tasks no more complex than SVP 1 or 2.  Id.  The ALJ found that this RFC did not allow Pierce to perform her past relevant work as a caregiver and case aide.  Tr. 33.  The ALJ found there were jobs existing in the national economy in sufficient numbers that she could have performed.  Id.  The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations.  Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the

record.  42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a preponderance."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the Commissioner.  Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  Id.; see also Batson, 359 F.3d at 1193.  However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings.  Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff raises two errors.  First, Plaintiff argues that the ALJ failed to include a limitation in social functioning in Pierce's RFC.  Second, Plaintiff argues that the ALJ erred at step five because Pierce's need to use a nebulizer would not be accommodated by the jobs identified by the vocational expert ("VE").

**I.    RFC**

Plaintiff argues that the ALJ erred by failing to include a limitation in social functioning in Pierce's RFC.  Specifically, Plaintiff contends the ALJ improperly discounted the testimony of

the non-examining psychological consultant, Dr. Dorothy Anderson, who found that Pierce had a moderate limitation in social functioning.

Social security law recognizes three types of medical sources: (1) treating, (2) examining, and (3) nonexamining. See Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); see also 20 C.F.R. § 404.1527(c)(1)-(2), 20 C.F.R. § 416.927(c)(1)-(2). Generally, more weight is given to the opinion of a treating source than to the opinion of those who do not actually treat the claimant. Id. If the treating source's medical opinion is supported by medically acceptable diagnostic techniques and is consistent with other substantial evidence in the record, the treating source's opinion is given controlling weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). Generally, a treating source's opinion carries more weight than an examining source's opinion, and an examining source's opinion carries more weight than that of a source who did not examine the claimant but formed an opinion based on a review of the claimant's medical records. Holohan, 246 F.3d at 1201-02.

In making her determination, the ALJ gave more weight to Corinne Vostal, MS, QMHP[2], Pierce's treating counselor. The ALJ relies on Vostal's voluminous notes generated during the course of Pierce's therapy sessions, including a mental status report. Tr. 359-418. The ALJ notes that Pierce described social anxieties to Vostal on February 2008. Tr. 27. Additionally, the ALJ cites to a function report Pierce completed in 2008, where she answered "no" to the question "[d]o you have any problems getting along with . . . others?" Tr. 191. In contrast, Dr. Anderson assessed Pierce as having moderate difficulties in social functioning based solely on a review of the record. Tr. 428, 441. Vostal was Pierce's treating counselor; and the ALJ was entitled to give more weight to Vostal's opinion over a non-examining source.

---

[2] "QMHP" stands for "Qualified Mental Health Professional". Or. Admin. R. 309-032-1505(105).

6 - OPINION & ORDER

Additionally, the ALJ concluded "*[i]n light of the record as it is now developed*, I give little weight to [Dr. Anderson's] findings on social functioning." Tr. 32 (emphasis added). Dr. Anderson assessed Pierce's records on September 9, 2008. Tr. 440-443. Dr. Anderson's findings were then reviewed and affirmed by Dr. Nicoloff on March 12, 2009. Tr. 449. However, the record demonstrates Pierce continued treatment and counseling through early November 2009. Tr. 459. During these later sessions, the counseling notes indicate Pierce struggled primarily with familial issues, and not social interactions with the public. Tr. 459-479. In making her finding, the ALJ also considered a note written by Julie Rudolph, Pierce's treating counselor at the time. Tr. 32. That note, dated October 27, 2009, states "[Pierce] stated that she would really like to get some kind of work. She misses working but knows that her back pain may prevent her from the kind of jobs she would prefer." Tr. 461. There is substantial evidence to support the ALJ's finding that Pierce did not have a moderate limitation in social functioning.

Plaintiff also seems to argue that the ALJ found that Pierce had a mild limitation in social functioning, and that this finding should have been included in Pierce's RFC. Pl.'s Br. 6. Plaintiff points out that at step three, the ALJ found that "[i]n social functioning, Pierce had mild difficulties." Tr. 27. The ALJ then found that these difficulties "do[] not establish greater than mild limitations in maintaining appropriate social interactions." Tr. 27-28. These findings at *step three* are not part of the RFC assessment. In performing the step three analysis, the ALJ expressly stated "[t]he limitations identified…are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." Tr. 28. In contrast, the ALJ stated that the *RFC assessment* "requires a more detailed assessment[.]" Id.; see also SSR 96-8p, 1996 SSR LEXIS 5, at *13, 1996 WL 374184 at *4. "As required by the SSR, the ALJ engaged in a more detailed assessment of

7 - OPINION & ORDER

Plaintiff's functional limitations when determining Plaintiff's RFC than when making [] step three findings." Willford v. Astrue, No. 10-CV-1494-AA, 2012 U.S. Dist. LEXIS 30131, at *14-15 (D. Or. Mar. 5, 2012). Thus, the ALJ's finding that Pierce had mild difficulties in social functioning at step three does not necessitate a social functioning limitation in Pierce's RFC.

**II.     Asthma Nebulizer**

Plaintiff next argues that the ALJ erred at step five because Pierce's need to use a nebulizer would not be accommodated by the jobs identified by the VE. Pl.'s Br. 9. I disagree. There is no evidence in the record that Pierce needed to use the nebulizer at a frequency that would impact her employment prospects. Plaintiff cites to several provider notes in the transcript for support that Pierce used a nebulizer. However, the treatment notes establish only that Pierce was prescribed and used a nebulizer. Moreover, when questioned during the hearing about Pierce's nebulizer use, her long-time boyfriend, David Perkins, stated she used it "for sure at least once a month to once a week[.]" Tr. 60. Christy Cromwell, Pierce's daughter, stated only "I've seen her use her nebulizer." Tr. 48. The ALJ's finding at step five is supported by substantial evidence.

**CONCLUSION**

Based on the foregoing, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

Dated this __2__ day of __Aug__, 2013

_____
MARCO A. HERNANDEZ
United States District Judge

8 - OPINION & ORDER